# Bennett, Giuliano, McDonnell & Perrone, LLP

| **New Jersey Office:** | 494 Eighth Avenue, 7th Floor | **Florida Office:** |
| --- | --- | --- |
| 201 Littleton Road<br>P.O. Box 513<br>Morris Plains, NJ 07950<br>Tel. (973) 387-0486<br>Fax. (973) 796-2884 | New York, New York 10001<br><br>Telephone: (646) 328-0120<br>Telefax:    (646) 328-0121<br>www.bgmplaw.com | 6615 West Boynton Beach Blvd.<br>No. 351<br>Boynton Beach, FL 33437<br>Tel. (561) 337-8816<br>Fax. (561) 337-4653 |

**MEMO ENDORSED**

**MEMO ENDORSED** October 26, 2009

**VIA FAX 212.805.7912**

Our File: F101

Hon. John G. Koeltl
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

[Stamp: USDS SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 10/28/09]

Re:  **Argus Development, Inc. v. Steelcore Trading Limited, et al**
     09 CV 6009 (JGK)

Dear Judge Koeltl:

We represent plaintiff, Argus Development, Inc., in the above-referenced Rule B matter.

As your Honor is aware, the United States Court of Appeals for the Second Circuit in <u>The Shipping Corporation of India, Ltd. v. Jaldhi Overseas Pte. Ltd.</u>, Nos. 08-3477(cv)(L), 08-3758-cv (XAP) (2d Cir. Oct. 16, 2009) (hereinafter "SCI") overruled <u>Winter Storm Shipping, Ltd. v. TPI</u>, 310 F.3d 263 (2d Cir. 2002), and held, *inter alia*, that "[b]ecause [electronic fund transfers, "EFTs"] in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under [Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions]."

The Second Circuit's decision in SCI has created serious positional conflicts and ethical concerns for many attorneys and law firms, including Bennett, Giuliano, McDonnell & Perrone, LLP. These conflicts did not exist prior to the SCI decision. Specifically, Bennett, Giuliano, McDonnell & Perrone, LLP represents both plaintiffs and defendants in numerous Rule B matters presently pending before the Southern District of New York. Because of these positional conflicts, we are in the process of contacting our client, who is located overseas, to address these issues and, if necessary, provide assistance to the client to obtain new counsel.

[Handwritten endorsement:] Application denied. There is no suggestion of any basis on which the attachment in this case should be restored. The application asks the Court to continue an attachment which appears void, and thus to enlist the Court in continuing a wrongful attachment. The Court notes that if the case is dismissed without prejudice, it could be reinstated if there were a valid basis. So ordered. /s/ John G. Koeltl 10/28/09

Accordingly, we respectfully request that your Honor adopt the procedure recommended by Judge Scheindlin and the Judicial Improvements Committee (copy attached hereto), and grant a twenty-one (21) day extension for plaintiff to respond to your Honor's Order dated October 19, 2009 which requires the plaintiff to submit a proposed order vacating the attachment and dismissing the action without prejudice or, in the alternative, submit an affidavit showing why property of the defendant that can be attached pursuant to Rule B may be found in the SDNY or any other reason why the attachment should not be vacated.

Thank you for your Honor's time and consideration.

Respectfully submitted,

William R. Bennett, III

Encl.

Z:\Casework\F Cases\F101 Steelcore Trading\Letters\KoeltIreJaldhiDecision 102609.doc