USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------
ARGUS DEVELOPMENT INC.,

           Plaintiff,

  - against -

STEELCORE TRADING LIMITED, ET AL.,

           Defendants.
--------------------------------

09 Civ. 6009 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

In response to the Court's Order to show cause why the maritime attachment in this case should not be vacated pursuant to Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., Nos. 08 2477 Civ., 08 3758 Civ., 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009), and the Complaint dismissed without prejudice, the plaintiff argues that: (1) Jaldhi should not be applied retroactively; (2) the funds in this case are no longer Electronic Fund Transfers ("EFTs") and, thus, not subject to Jaldhi; and (3) the defendant lacks standing because the funds are not its property. These arguments have no merit.

First, the Court of Appeals for the Second Circuit recently decided that Jaldhi applies retroactively because jurisdictional rulings may never be made prospective only. Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09 2128 Civ., 2009 WL 3790654, at *2 (2d Cir. Nov. 13, 2009).

Second, the fact that the bank restraining the funds may have transferred the funds to a separate account does not remove them from the scope of Jaldhi. No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached.

Finally, the fact that the Court of Appeals has found that EFTs are not property of the defendant that can be attached does not mean the defendant has no standing to move to vacate the attachment entered against it. Rule E(4)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure allows "any person claiming an interest in" attached property to challenge the attachment. The defendant certainly has standing to seek vacatur of an attachment entered against it.

The Court has carefully considered all of the arguments presented. To the extent not specifically addressed in this Opinion they are either moot or without merit. For the reasons stated above, the maritime attachment in this case is **vacated**. The Clerk is directed to **dismiss** the Complaint **without prejudice** and to close this case.

SO ORDERED.

Dated:     New York, New York
           November 14, 2009

_____
John G. Koeltl
United States District Judge

2